UNITED STATES DISTRICT COURT

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　vs.<br>CAROLINE M. BELILES,<br>　　　　Defendant. | Criminal Case No. 10-00038<br><br>**ORDER AND OPINION RE: APPEAL** |

This case is before the court on remand from the Ninth Circuit Court of Appeals. *See* Dkt. No. 97. Defendant-Appellant Caroline M. Beliles ("Defendant") is appealing the magistrate court's judgment of conviction on the basis of ineffective assistance of counsel. *See* Dkt. No. 99. After reviewing the parties' briefs and the relevant case law, the court hereby **AFFIRMS** the judgment and issues the following opinion.

## I.　　JURISDICTION AND SCOPE OF REVIEW

An appeal from a criminal conviction imposed by a magistrate judge lies with a "judge of the district court and must first be brought in the district court before prosecution in the court of appeals." *United States v. Soolook*, 987 F.2d 574, 575 (9th Cir.1993); *see also* 18 U.S.C. § 3402. As provided in Federal Rule of Criminal Procedure 58, "[t]he defendant is not entitled to a trial de novo by a district judge." FED. R. CRIM. P. 58(g)(2)(D). Rather, the district court applies the scope of review that the Ninth Circuit Court of Appeals would apply in reviewing a district court's judgment. *See id.* ("The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge."). Whether a defendant received ineffective assistance is a mixed question of fact and law that is reviewed de novo on appeal. *See Rhoades*

*v. Henry*, 598 F.3d 495, 500 (9th Cir. 2010) (citing *Beardslee v. Woodford*, 358 F.3d 560, 569 (9th Cir. 2004)).

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The Government filed an information charging Defendant with two counts of Theft of Government Property, both in violation of 18 U.S.C. § 641. *See* Dkt. No. 1. After a trial before the magistrate court, the jury found Defendant guilty on Count II of the information. *See* Dkt. No. 51.

Count II of the information states:

> On or about April 7, 2010, in the District of Guam, the defendant, CAROLINE M. BELILES, willfully and knowingly, did steal and purloin United States property from Army and Air Force Exchange Service, Andersen Air Force Base, of a value of not more than $1,000.00, property of the United States, in violation of Title 18, United States Code, Section 641.

Dkt. No. 1 at 2.

At trial, the Government called Justina Aganon ("Aganon"), a former Army and Air Force Exchange Service ("Base Exchange") loss prevention employee, as a witness. Dkt. No. 99 at 5 (citing Trial Tr. vol. 2, 144, filed Aug. 17, 2010). Aganon provided foundational testimony for video footage from the Base Exchange surveillance camera system, Government's Exhibit 6. Trial Tr. vol.2, 222–24. The video footage depicted Defendant at the Base Exchange on April 7, 2010. *Id.* at 224.

From Aganon's testimony it can be adduced: that Defendant entered the Base Exchange; that Defendant was pushing a cart with a child and a baby seat; that Defendant headed to the makeup area; that Defendant selected two Estee Lauder products, and the child in the cart held the two products; and that Defendant then entered the ladies' department and put a small Coach purse in her cart. *See id.* at 226–230, 232.

Describing what occurred later in the video footage, Aganon explained:

> The whole baby seat just got lifted [*sic*] up. And if you were to watch very, very closely, you can actually see a motion on the edge of the baby seat down in the bottom of the shopping cart. And it kind of gets pushed inside. . . . [Defendant] lifted the baby seat and she pushed. Now the only thing that I know that is in that shopping cart at that time in that area is the Coach purse. So I have seen the baby seat lifted and something pushed up in, what looks like it being [*sic*] pushed in. . . . And that was the makeup she just got from her daughter, and again, you saw the push in under the side of the baby seat.

*Id.* at 232–33.

Aganon approached Defendant when she left the store and found the Coach purse and makeup items under the baby seat. *Id.* at 262–65. Defendant did not have a receipt for the items. *Id.* at 242–43.

Aganon further testified that Defendant came to her attention in early March because "there was a previous incident inside the [Base Exchange] where [Defendant] had been seen doing something else, . . . ." Dkt. No 99 at 6 (quoting Trial Tr. vol.2, 243–44). Aganon explained that in early March, she watched Base Exchange surveillance footage of Defendant, in which "it looked like the baby seat down inside [the cart] was being picked up [by Defendant] and something was being pushed in." *Id.* (citing Trial Tr. vol.2, 250). Defense counsel objected to the admission of this testimony, but the magistrate court admitted it for the limited purpose of explaining why Defendant was on Aganon's radar. Trial. Tr. vol.2, 244–49.

At the close of evidence, the court suggested instructing the jury that "[t]he defendant is on trial only for the crime[s] charged in the indictment, not for any other activities." *Id.* at 471 (referring to, but not reading into the record, Ninth Circuit Committee on Model Jury Instructions, *MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT*, Instr. 3.11 (2003 ed.)). Defendant's trial counsel, Cynthia Ecube ("Atty. Ecube"), objected to the instruction—"I don't recall any other activities that might be raised, . . . I feel strongly against not trying to include that. I don't certainly want to raise the jury's–." *Id.* Based on Atty. Ecube's objection, the magistrate court did not read the instruction to the jury. *Id.*

As noted above, the jury returned a guilty verdict on Count II of the information. *See* Dkt. No. 51. Defendant filed a Motion for a New Trial ("the Motion") on the ground that she was "substantially prejudiced and deprived of a fair trial" because her trial attorney, Cynthia Ecube, did not request that a limiting instruction be read to the jury. *See* Dkt. No. 75. The magistrate judge denied the Motion and entered a judgment of conviction. *See* Dkt. Nos. 90, 92.

Defendant appealed the magistrate court's judgment to the Ninth Circuit. *See* Dkt. No. 95. On motion by Defendant, the Ninth Circuit dismissed the appeal and remanded it to this court for further proceedings. *See* Dkt. No. 97.

//
//
//

## III. DISCUSSION

Defendant contends that the magistrate court erred in denying the Motion for a New Trial and entering a judgment of conviction on Count II.

Federal Rule of Criminal Procedure 33 provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). To prevail on a motion for a new trial on the basis of ineffective assistance of counsel, the defendant must satisfy the two-part test as set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Matylinsky v. Budge*, 577 F.3d 1083, 1090 (9th Cir. 2009).

First, the defendant must demonstrate that counsel's performance was deficient in that it "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The court must be highly deferential to counsel's performance. *Strickland*, 466 U.S. at 689. More specifically, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Second, the defendant must establish that she was prejudiced by demonstrating "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" means "a probability sufficient to undermine confidence in the outcome." *Id.* "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691

In this case, Defendant argues that Atty. Ecube's failure to request a limiting instruction for evidence concerning prior bad acts amounted to ineffective assistance of counsel. Applying the strong presumption in favor of reasonable conduct, the court finds that Atty. Ecube's conduct was such that it might be considered part sound trial strategy, and thus not deficient. *See Strickland*, 466 U.S. at 689. As the Government argues, it was reasonable for Atty. Ecube to refrain from requesting the instruction to avoid bringing attention to what the jury could have construed as innocent conduct. Dkt. No. 100 at 5; *see also Milton v. Roes*, 40 F. App'x 377, 378–79 (9th. Cir. 2002) (unpublished decision) (finding that counsel's failure to request a limiting instruction concerning uncharged misconduct "did not fall below an objective standard of

reasonableness under prevailing professional norms.").

Defendant asserts that "[i]f there had been a tactical decision, the government would have called [Atty. Ecube] as a witness, something the government chose not to do." Dkt. No. 99 at 15. This argument is without merit. It is Defendant who must overcome the strong presumption that Atty. Ecube's conduct was reasonable. *See Strickland*, 466 U.S. at 689. Defendant has failed to rebut the presumption, and the fact that the Government did not call Atty. Ecube as a witness is irrelevant.

Furthermore, even if the court were to find that Atty. Ecube's conduct was deficient, Defendant was not prejudiced. The Government's evidence, which included video footage of Defendant engaging in the charged conduct, was strong enough that a limiting instruction would not have resulted in a different verdict as to Count II. *See Strickland*, 466 U.S. at 691 (stating that deficient conduct "does not warrant setting aside the judgment of criminal proceeding if the [deficient conduct] had no effect on the judgment.").

**AFFIRMED**.



**/s/ Frances M. Tydingco-Gatewood**
    **Chief Judge**
**Dated: Jun 24, 2011**